DENNIS RYAN, Appellant, v. SIMON PERKS, Respondent.

Third Department, December 28, 1921.

Sales — action against seller for breach of contract of sale of potatoes — extension of time for delivery — refusal by third person to whom plaintiff sold potatoes to receive all of potatoes within extended time is abandonment of contract — defendant not bound to deliver balance to plaintiff on tender of purchase price made several months later — defendant not required to demand performance of contract by plaintiff after third person refused to receive potatoes.

The defendant, who had contracted to sell to the plaintiff 300 bushels of potatoes, which the plaintiff agreed to take before Thanksgiving or at the first run of sleighing, was entitled to consider the contract abandoned, where it appears that the plaintiff did not call for the potatoes within the time designated; that on a resale by the plaintiff to a third person the defendant consented to delivery to begin on January twenty-eighth, and that said third person, 220 bushels having been delivered, refused on February fifth to receive the 80 bushels remaining.

A tender by the plaintiff of the price for the remainder of the potatoes, made in the latter part of the following April, was not made within a reasonable time, and did not require the defendant to make delivery.

The defendant was not required, after the third person refused to accept all the potatoes, to make a demand upon the plaintiff for performance within a reasonable time.

APPEAL by the plaintiff, Dennis Ryan, from a judgment of the County Court of the county of Clinton in favor of the defendant, entered in the office of the clerk of Clinton county on the 6th day of June, 1921, upon the verdict of a jury of no cause of action.

*Patrick J. Tierney,* for the appellant.

*Wallace E. Pierce,* for the respondent.

PER CURIAM:

The jury has necessarily determined that the potatoes were to be taken by the plaintiff before Thanksgiving, or at the first run of sleighing. A short time before Thanksgiving the plaintiff sent bags for the potatoes, with a statement that he would send teams the following Monday or Tuesday for them, and the defendant filled the bags, together with other bags which he had, for delivery. The first run of sleighing was not until January eighth to the tenth, and upon the seventh day of January the defendant called upon the plaintiff and asked for $100 on account, which the plaintiff refused to give. The defendant arranged with the bank that it would discount his note with the plaintiff as indorser, and the defendant obtained the indorsement and discounted the note at the bank, and used the proceeds. Shortly after that the plaintiff sold the potatoes to the Vermont Fruit Company. The representative of the company notified the defendant of the purchase and arranged with him that he was to deliver the potatoes on the cars at the railroad station for thirty cents per bushel, the delivery to begin January twenty-eighth. The delivery began and 220 bushels were delivered up to February fifth, when the company notified the defendant that no more cars would be furnished. Apparently the defendant considered that that ended the contract. Two hundred and twenty bushels of the 300 purchased had been delivered to the fruit company and paid for. The tender by the plaintiff of eighty dollars, in the latter part of April, and the demand for the 80 bushels of potatoes, was not within a reasonable time, and did not require the defendant then to make delivery. Concededly the delivery of a part of the potatoes, after the day of delivery had passed, was a waiver of the plaintiff's default; but the plaintiff was bound to perform within the time contemplated by the agreement which made the extension. When the fruit company refused to receive at the cars the balance of the potatoes, it violated the terms upon which the waiver had been made, and the defendant then had the right to assume that the contract

had been abandoned. The request to charge that the defendant must, after the fruit company declined to receive more potatoes, make a demand upon the plaintiff for performance within a reasonable time, was, therefore, properly denied. The judgment should, therefore, be affirmed, with costs.

Present — JOHN M. KELLOGG, P. J., WOODWARD, COCHRANE, H. T. KELLOGG and VAN KIRK, JJ.

Judgment and order unanimously affirmed, with costs.